GLD-240                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1645
_____

EDWARD AARON HARVEY,

                                                        Appellant

v.

CHARLES MAIORANA, Warden

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 13-cv-00024)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: May 24, 2013)
_____

OPINION
_____

PER CURIAM

        Edward Harvey appeals from an order of the United States District Court for the

Western District of Pennsylvania, which denied his petition filed pursuant to 28 U.S.C.

§ 2241.  As no substantial question is presented by this appeal, we will summarily affirm,

although we make a minor modification to the terms of the Court's judgment.

In 2007, Harvey pled guilty to offenses of advertising, transporting, and possessing child pornography.  See United States v. Harvey, N.D. Cal. 05-cr-00373.  In 2010, Harvey filed a number of motions in the trial court, including a motion pursuant to 28 U.S.C. § 2255.  The motions were all denied, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability, and the United States Supreme Court denied Harvey's petitions for a writ of certiorari and for rehearing.  See C.A. No. 11-15511, Supreme Court No. 12-5114.

Soon thereafter, Harvey filed a petition under 28 U.S.C. § 2241 in the Western District of Pennsylvania, arguing that the federal trial court lacked jurisdiction to convict and sentence him because Congress lacked the authority to enact criminal laws punishable as felonies.  The Magistrate Judge's Report and Recommendation, adopted by the District Court, properly informed Harvey that a motion pursuant to 28 U.S.C. § 2255 is the exclusive means for collaterally attacking a federal conviction, absent the rare situation where a motion to vacate would be inadequate or ineffective because the conduct for which the movant was convicted is no longer criminal, due to an intervening change in the law.  See, e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  As the District Court explained, § 2255 is not inadequate or ineffective simply because the sentencing court did not grant relief when he raised his jurisdictional arguments in his § 2255 motion. Id.; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Harvey argues here, as he did in the District Court, that he must be afforded an opportunity to raise his claims in a § 2241 petition because he has never had a hearing on

2

his claim.  Harvey misunderstands the savings clause of § 2255:  "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that *some limitation of scope or procedure* would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  Harvey was not given a hearing in his § 2255 proceeding because the trial court dismissed his motion, finding that Harvey "fail[ed] to offer any facts justifying relief," not because § 2255 in some way prevented a hearing.  See United States v. Harvey, N.D. Cal. 05-cr-00373, docket #126; see also Rules 4(b) and 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Because Harvey's filing in the District Court failed to satisfy § 2255's escape clause, the District Court lacked authority under § 2241 to consider the petition.  Its "only option [was] to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  For the reasons given, we will affirm the judgment of the District Court, but we modify the judgment to dismiss, rather than deny, Harvey's petition.[1]

---

[1] Harvey's motion requesting waiver of all filing/docketing fees is denied as unnecessary, as no fees are assessed for a habeas Appellant proceeding in forma pauperis. Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996).

3